Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8330 | **DATE** | 11/2/2001 |
| **CASE TITLE** | USA vs. Juan Perez | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This court has waded through Perez' lengthy submission with care. It is totally lacking in merit, and the description contained in Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts is a precise fit: "it plainly appears from the face of the motion...and the prior proceedings in the case that the movant is not entitled to relief in the district court." Accordingly the motion is dismissed summarily (id.).(1-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 0 5 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 2 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | NOV -2 PM 1:40 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
              Plaintiff, )
)
v. )   No.  01 C 8330
)   (98 CR 399-3)
JUAN PEREZ, #10123-424, )
)
             Defendant. )

## MEMORANDUM OPINION AND ORDER

Almost exactly a year after our Court of Appeals' affirmance of the jury trial conviction and of the consequent imposition of a 200-month sentence on Juan Perez ("Perez") on one of the three counts in this case (see United States v. Montenegro, 231 F.3d 389 (7th Cir. 2000),[1] which recounts the brutal and callous conduct engaged in by present movant Perez and his two codefendants who were involved in those offenses), Perez has filed a bulky Section 2255 motion in which he challenges his conviction on the basis of several purported constitutional infirmities. Although the motion and its accompanying 66-page

---

[1] Perez mistakenly lists the date of that affirmance as October 25, 2001 rather than its actual date of October 25, 2000, but that inadvertent typographical error makes no difference in timeliness terms. In this Circuit the one-year limitation period for 28 U.S.C. §2255 ("Section 2255") filings, which begins for present purposes on "the date on which the judgment of conviction becomes final," begins to tick when the Court of Appeals issues its mandate (Gendron v. United States, 154 F.3d 672 (7th Cir. 1998)(per curiam)). And in this instance the mandate was docketed on November 27, 2000, so that the current motion was filed well within the one-year time frame.

memorandum (!)² have assertedly been filed pro se, it is apparent that Perez employed the services of some self-professed jailhouse lawyer. But a reading of the motion and the memorandum demonstrates both (1) the truth of Alexander Pope's aphorism that "a little learning is a dangerous thing" and (2) the equal truth that the legal profession has lost nothing from the fact that the presumed anonymous author is serving time in prison rather than seeking to ply a lawyer's trade on behalf of paying clients on the outside.

In the interests of simplicity, a photocopy of the pages of Perez' motion in which he states his several claimed grounds for relief in summary form is attached to this memorandum opinion and order. To take those grounds in reverse order, it is of course a truism that defense counsel (whether at the trial level or on appeal) cannot be charged with constitutionally deficient performance for having failed to advance legally unsound contentions on a client's behalf. And here the reading and analysis of what Perez has advanced demonstrates that such legal unsoundness is an accurate characterization of each of Perez'

---

² After Perez has devoted 15 pages designated by Roman numerals to a statement of the questions posed, a table of contents and a 13-page table of authorities, he occupies another 11 similarly-numbered pages with a Statement of Case and Statement of Facts. Those last two items, when added to the memorandum's ensuing 55 pages that are assigned Arabic numerals, would at a minimum make up the legal memorandum for purposes of any court rule or court order setting a limit on the length of permitted filings.

2

first four claimed grounds for relief.

Indeed, one facet of Perez' current constitutional attack and of his correlative argument that his lawyers provided him with constitutionally inadequate representation by their failure to advance such an attack is especially difficult to comprehend. As Montenegro, 231 F.3d at 394-95 shows, Perez' appellate counsel did urge on his behalf that 18 U.S.C. §1203(a)(referred to here as "Section 1203(a)" or as the "Hostage Taking Act") violated principles of equal protection afforded by the Fifth Amendment. In that respect our Court of Appeals considered and rejected that argument by "adopt[ing] the reasoning and holding" of United States v. Lue, 134 F.3d 79, 87 (2d Cir. 1998), which had earlier been followed by the Fifth Circuit in United States v. Santos-Riviera, 183 F.3d 367 (5th Cir. 1999)(more on the Lue case later). Under those circumstances Perez is not only foreclosed from renewing the identical contention now, but his very effort to do so casts a significant cloud on his objective good faith in general terms.

But to turn from that specific contention to the overall submission that has been tendered by Perez, it is frankly not worth the effort to respond in anything resembling comparable detail to the welter of quotations from cases that Perez (or his surrogate) has assembled and to the groundless arguments that are sought to be fashioned from those quotations. In consequence of

3

the memorandum author's basic misperceptions of what the extensively quoted language both denotes and connotes, Perez has essentially portrayed a jurisdictional universe in which the United States purportedly has no power to define or to impose criminal sanctions in any territory lying within any state's borders--and Perez seeks to create that mythical universe by attempting to distort, for example, the exclusive territorial legislation provision of U.S. Const. art. I, §8, cl. 17 into a negation of federal power everywhere else.

That effort to transmute base metal into gold must fail, just as the medieval search for the alchemist's stone never succeeded. And as is always the case, Perez' reasoning from false premises has led him to equally false conclusions. In this instance Perez' onslaught is directed at the hostage-taking provision of Section 1203(a),[3] even though the operation of that statute within this country is expressly limited by its terms to situations involving foreign nationals as hostages or hostage takers or both.

In that regard the Second Circuit's *Lue* decision has dealt at length with more searching and studied challenges than those

---

[3] Although the indictment also drew on applications of 18 U.S.C. §§371 and 372, the former section's conspiracy provision and the latter section's aider-and-abetter provision are of course dependent on the propriety of the criminal charges made pursuant to the underlying substantive statute--in this instance the Hostage Taking Act.

4

tendered by Perez here. There is no need to repeat the comprehensive and persuasive analysis set out in Lue--suffice it to say that the Hostage Taking Act was adopted to implement the Hostage Taking Convention to which the United States is a signatory, that the statute was validly (that is, constitutionally) adopted under the authority of the Necessary and Proper Clause (which follows hard on the heels of the Article I clause of the Constitution to which Perez has mistakenly pointed) and that the statute also does not offend either the principles of federalism embodied in the Tenth Amendment or--as our Court of Appeals has also ruled in Perez' own direct appeal in Montenegro--any principles of equal protection embodied in the Fifth Amendment's Due Process Clause. Interestingly enough, Lue itself upheld, against such constitutional challenges, a conviction that arose out of an attempted abduction cut from much the same cloth as the successful abductions that led to the conviction of Perez and his codefendants.

Hence even if Perez were to be given credit for better arguments than those he has advanced, that would still call for their flat-out rejection. And the same is true of his baseless contention that the Hostage Taking Act was never validly enacted--a contention based on Perez' unsupportable view of the legislative process. Here, as throughout, Perez' views rest on a misreading or total misunderstanding, or both, of language that

5

he quotes from cases or other sources.

Finally, the specific indictment under which Perez was convicted is invulnerable to attack as well (this opinion will prescind the question whether any such attack raises a constitutional question cognizable under Section 2255, as contrasted with only a potential subject of direct appeal). Each of the essential elements of the Section 1203(a) offense was spelled out in the indictment, which provided more than ample notice to Perez and his codefendants of the nature of the charges that they had to meet.

This Court has waded through Perez' lengthy submission with care. It is totally lacking in merit, and the description contained in Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts is a precise fit: "it plainly appears from the face of the motion...and the prior proceedings in the case that the movant is not entitled to relief in the district court." Accordingly the motion is dismissed summarily (<u>id</u>.).

                                            *[signature]*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: November 2, 2001